EASTERN DIST.
*June*, 1838.

HART
*vs.*
FISK.

---

## HART *vs.* FISK.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF IBERVILLE.

Appeals from the country judicial districts must be made returnable to the next *term* after they are allowed, and any application for an extension of time to bring up and file the record, must be made at the term to which the appeal is returnable. It will not suffice to make it at the *term* allotted for *hearing* appeals.

This case comes up on a second appeal. The first one was dismissed without a decision on the merits, at the February term of this court, in 1837. The present appeal was granted, and the petition filed with the clerk of the court *a qua*, the 11th April, 1837, and made returnable to this court the third Monday of May following.

The facts relating to the dismissal of this appeal, are fully stated in the opinion of the court delivered in this case.

The Supreme Court opens in the Eastern district, at New-Orleans, the 4th Monday in November, and is required by the constitution to sit every month from that period until July. The months of January, March and June of each year, are allotted to hearing appeals from the country judicial districts, in the Eastern district of the Supreme Court, sitting at New-Orleans.

*Ives*, *Stacy* and *Winchester*, for the plaintiff and appellee, on affidavit filed, moved to dismiss the appeal, on account of irregularities in bringing up the record.

*Watts* and *Lobdell*, contra.

*Martin*, *J.*, delivered the opinion of the court.

This case was before us in 1836, and at the February term of the following year, the appeal was dismissed, because it had not been made returnable to the proper term. 10 *Louisiana Reports*, 480.

In the month of April following, a second appeal was taken, returnable to the May term following. And on the 25th of April, this court, on the motion of the appellant's counsel, gave further time for the return of the appeal, till the November term following, when the transcript not having been filed in time, the appellee obtained a certificate of the clerk of this court, in order to sue out an execution upon the judgment. On the third of January, 1838, the appellant's counsel moved for a further extension of time, and a mandamus to the clerk, commanding him forthwith to transmit the record, etc.

47      VOL. XII.

EASTERN DIST.
June, 1838.

At March term, 1838, on the return of the mandamus, the appellee's counsel moved for the rescission of the order granting an extension of time to the appellant, at the January term preceding, and the dismissal of the appeal, on a suggestion that the appellant ought to have prayed for the extention of time in the month of November or December, urging that, although the Code of Practice contemplates an extension of time, even after the appellant has obtained a certificate of the clerk of this court, still the appellant is bound to make his application as early as he can.

Appeals from the country judicial districts, must be made returnable to the next term, after they are allowed, and any application for an extension of time to bring up and file the record, must be made at the term to which the appeal is returnable. It will not suffice to make it at the term allotted for hearing appeals.

The appellant's counsel has contended, that he made his application in the beginning of the January term, which is specially allotted for the hearing of appeals from judgments tendered in the district from which the present appeal comes.

The January term is indeed allotted for the hearing of appeals from the country; but the return of these appeals, and the prayer for an extension of time, etc., cannot be delayed until that term. The appellant was guilty of great neglect, in forbearing to make his application during the November and December terms.

The appeal, therefore, must be dismissed.